# DEAN WITTER REYNOLDS, INC., a Delaware corporation, Plaintiff–Appellant,

v.

Karen **HOWSAM**, individually, and as Trustee for the E. Richard Howsam, Jr., Irrevocable Life Insurance Trust dated May 14, 1982, Defendant–Appellee.

No. 99–1320.

United States Court of Appeals, Tenth Circuit.

Feb. 4, 2003.

Martin D. Litt, Lisa L. Casey, Holme, Roberts & Owen, Denver, CO, Bradford D. Kaufman, Joesph C. Coates, III, Greenberg & Traurig, West Palm Beach, FL, for Plaintiff–Appellant.

Alan C. Friedberg, Pendleton, Friedberg, Wilson, Hennessey & Meyer, Lynn C. Hartfield, Miller, Lane & Killmer, Denver, CO, for Defendants–Appellees.

Before EBEL and LUCERO, Circuit Judges, and VRATIL,* District Judge.

## ORDER AND JUDGMENT**

EBEL, Circuit Judge.

The Supreme Court of the United States on December 10, 2002, issued its opinion in *Howsam v. Dean Witter Reynolds, Inc.,* No. 01–800, reversing the opinion of this court in the above-entitled matter and remanding to this court for further proceedings in conformity with the Supreme Court opinion. It was the judgment of the United States Supreme Court that the issue of arbitrability presented in this case was properly submittable to the arbitrator for disposition rather than to the courts. That is consistent with the district court opinion in this case, which had originally dismissed this action.

Accordingly, this matter is now remanded to the United States District Court for the District of Colorado with instructions that that court dismiss the action consistent with its earlier opinion in this case and the United States Supreme Court decision herein.

---

* The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.

R.App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.